UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASEY COOK,

Plaintiff,

v. Case No. 6:25-cv-759-JA-RMN

FRANK J. BISIGNANO,
COMMISSIONER OF THE
SOCIAL SECURITY
ADMINISTRATION,

Defendant.

---

# ORDER

Plaintiff appeals the administrative decision denying her application for disability benefits. (*See* Doc. 1). The assigned magistrate judge issued a Report and Recommendation (R&R, Doc. 18) on June 29, 2026, recommending that the Commissioner's decision be affirmed. Plaintiff filed an objection (Doc. 19) to the R&R on July 8, 2026. The Court directed Defendant to file a response (Doc. 20), and Defendant complied on September 3, 2026 (Doc. 21). Plaintiff then filed a reply (Doc. 22) without leave of Court. Based on the Court's review of the parties' submissions, Plaintiff's objections (Doc. 19) must be overruled.

## I. BACKGROUND

Plaintiff filed an application for disability benefits in August 2021. (Doc. 12 at 184–203, 413–21). After multiple hearings, the administrative law judge

(ALJ) issued a written decision denying Plaintiff's application in February 2025 that the Appeals Council declined to review. (*Id.* at 1–6, 14–31). The ALJ's decision thus is the Commissioner's final decision. (*Id.* at 1).

The ALJ evaluated Plaintiff's application using the standard five-step sequential evaluation process for determining disability. (*Id.* at 14–31). As relevant here, the ALJ determined at step two that Plaintiff has severe impairments—namely, degenerative disc disease and chronic right shoulder pain—and that she suffers from non-severe mental impairments as assessed under the "paragraph B" criteria. (*Id.* at 21–24). The ALJ then determined at step four that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 25–29). In making the RFC determination, the ALJ reviewed the state-agency psychological consultants' findings concluding that Plaintiff's mental impairments were non-severe. (Doc. 12 at 28). The ALJ concluded that the consultants' opinions were persuasive. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled during the relevant period. (*Id.* at 30).

In the R&R, the magistrate judge determined that the ALJ properly considered all of Plaintiff's medically determinable impairments, including her non-severe mental impairments, when making the RFC determination. (Doc. 18 at 6). Plaintiff objects, arguing that the ALJ's RFC discussion was materially

deficient because it did not adequately address Plaintiff's mental limitations. (Doc. 19 at 4).

## II. STANDARD OF REVIEW

When a party objects to an R&R, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court must consider the record independent of the magistrate judge's report, as *de novo* review is "essential to the constitutionality of section 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the R&R, the magistrate judge determined that the ALJ properly assessed Plaintiff's mental limitations as non-severe at step two using the "paragraph B" criteria. (Doc. 18 at 5). Because Plaintiff's mental limitations were considered non-severe, the magistrate judge found that the ALJ was not obligated to include them in the RFC at step four or explain why Plaintiff's non-severe mental impairments were excluded from the RFC analysis. (*Id.* (citing *Mockler v. Comm'r of Soc. Sec.*, No. 8:23-cv-1024, 2024 WL 4002990, at *7 (M.D. Fla. Aug. 30, 2024), and *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979–80 (11th Cir. 2016)). And the R&R notes that the ALJ expressly stated that she

"considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Doc. 18 at 6 (citing Doc. 12 at 22)).

Plaintiff argues that prevailing case law holds that where the ALJ finds that a non-severe mental impairment exists at step two, the RFC assessment used at step four must contain "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B." (Doc. 19 at 3 (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019)). Based on *Schink* and other case law, Plaintiff argues that the magistrate judge erred in not requiring the ALJ to conduct a more detailed assessment of Plaintiff's mental limitations during the step-four RFC determination. (Doc. 19 at 8 (citing *Arce v. Comm'r of Soc. Sec.*, Case No. 23-11315, 2024 WL 36061 (11th Cir. Jan. 3, 2024), *Ashcraft v. Comm'r of Soc. Sec.*, Case No. 8:23-CV-344-JSS, 2024 WL 619553 (M.D. Fla. Feb. 14, 2024), and *Cascio v. Comm'r of Soc. Sec.*, Case No. 8:20-CV-387-NPM, 2021 WL 4317387 (M.D. Fla. Sept. 23, 2021))).

Paragraph (c) of 20 C.F.R. § 404.1545 addresses how an ALJ is required to consider mental abilities when assessing the RFC, and provides:

> When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in

> responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. § 404.1545(c). Discussion of the state's psychological consultants' opinions in the RFC section can constitute the "detailed assessment" of the claimant's non-severe mental impairments required by *Schink*. *Watson v. Comm'r of Soc. Sec.*, No. 24-10668, 2025 WL 274903, at *3 (11th Cir. Jan. 23, 2025).

Here, the ALJ reviewed the paragraph B criteria at step two in determining that Plaintiff's mental impairments were non-severe and also reviewed the state psychological consultants' opinions at step four and in relation to the RFC. (*See* Doc. 12 at 33–37). In the RFC analysis, the ALJ explained that the state psychological consultants' opinions were persuasive because the opinions contained detailed analysis of the evidence the consultants' reviewed. (*Id.*). And the ALJ noted that the consultants' findings were consistent with other evidence in the record indicating that Plaintiff's mood, affect, concentration, and memory were all normal and that no evidence existed that Plaintiff suffered from psychosis. (*Id.* at 28, 1074, 1079, 1406). This is precisely the level of RFC analysis that the Eleventh Circuit requires. *See Watson*, 2025 WL 274903, at *3. This case is distinguishable from cases Plaintiff relies on—such as *Arce*—in which the ALJ's step-four RFC assessment considered only

physical impairments where non-severe mental impairments were determined to exist at step two. *See Arce*, 2024 WL 36061, at *2.

Plaintiff argues a more granular analysis was required at step four in this case than the analysis conducted in *Watson* because here the state-agency record reviewers stated that "[n]o [mental] RFCs are associated with [Plaintiff's] claim." (Doc. 22 (citing Doc. 12 at 190–91, 202)). Plaintiff's assertion is unsupported by any legal authority and will be rejected. The ALJ conducted a substantially similar RFC analysis of Plaintiff's mental impairments at step four as the RFC analysis conducted by the Eleventh Circuit in *Watson*. Accordingly, Plaintiff's objection must be overruled.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The decision of the Commissioner is affirmed.

3. The Clerk is directed to enter judgment accordingly and then to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on September 11, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record